HENRY MUZZY AND JAMES H. WELLS, *vs.* DEN EX DEM. DANIEL K. ALLEN.

Where premises are rented, reserving in the lease the right to sell a part thereof at any time, for certain purposes named in the lease, the lessor has no right to sell for any other purpose than that specified; and where a part of the leased property is sold by virtue of such reservation, and the grantee, or his assigns, takes possession under such sale, on an action brought by the former lessee to recover possession of the property, he may show, upon the trial, that the sale was not made in good faith for the purposes reserved in the lease.

Error to the Passaic Circuit Court.

Daniel K. Allen brought an action of ejectment against Henry Muzzy and James H. Wells, to recover possession of certain premises in the town of Paterson. Allen claimed under a lease made to him by the Society for Establishing Useful Manufactures, dated January 1st, 1843, by which the property was leased to him for eleven years.

Muzzy and Wells claimed under two deeds from the society to Thomas O. Colt, and two leases from Colt to them.

The facts in the case are shown by the charge to the jury, on the trial, and the opinion delivered in this court.

The case was tried before the Chief Justice, at the Passaic Circuit, January term, 1852, and a verdict rendered for the plaintiff.

On the trial, the court charged the jury, that the premises in question were leased to Allen, the plaintiff's lessor, by the Society for Establishing Useful Manufactures, by deed dated January 1st, 1843, for the term of eleven years, at an annual rent of twenty-five dollars; that, in that lease, the society reserve the right, and it is expressly agreed and understood by and between the said parties, that the said society "may sell any lot or lots for building, part of the said premises at any time, this lease notwithstanding, deducting from the rent herein reserved at the rate of two dollars and fifty cents for every acre they shall so sell;" that the real question for the jury was, whether the transaction between the society and Colt was

an actual sale, or whether it was a mere contrivance to evade the claim in the lease ; that the society could ride over Allen's right only by an actual sale of building lots. If the design of the society was to sell this property as building lots, they had a right so to do ; but if the jury should be of opinion that the whole design of the society was to lease the property to the defendants more advantageously than they had done to Allen, and that this deed to one of the directors was a mere contrivance to effect that end, their verdict should be for the plaintiff. It is not necessary that the jury should find that the act was designed as a fraud. The society may have supposed that they had a perfect right thus to act.

To this charge of the court the defendants excepted, a bill of exceptions was sealed, and errors assigned thereon.

Argued, February term, 1856, before the CHIEF JUSTICE, and OGDEN, ELMER, and HAINES, Justices, by *A. S. Pennington,* for the plaintiffs in error, *Halsted,* for the defendant.

ELMER, J.    The Society for Establishing Useful Manufactures made a lease to the lessor of the plaintiff, January 1, 1843, of certain premises in the town of Paterson, for the term of eleven years, at an annual rent of twenty dollars. The lease contained the following stipulations : " the society reserve the right, and it is expressly agreed and understood, by and between the said parties, that the said society may sell any lot or lots for building, part of the said premises, at any time, this lease notwithstanding, deducting from the rent herein reserved at the rate of two dollars and fifty cents for every acre they shall so sell." The defendants having taken possession of that part of the leased premises now in dispute, this ejectment was brought.

Upon the trial before the Chief Justice, in January, 1852, the defendants, in answer to the case made for the plaintiff in that court, gave in evidence two deeds from

the society to Thomas O. Colt, dated April 24, 1851, and May 9, 1851, and leases of a corresponding date from Colt to defendants for the rent of fifty dollars and twenty-five dollars per annum. It appeared that the defendants occupied the premises as a lumber yard, and that a small frame building was put on it, and used as an office.

To rebut this evidence, the plaintiff offered to prove that there was a lease from the society to the defendants prior to the execution of the deeds to Colt, which was cancelled and given up, so that defendants might take a lease directly from him. This evidence was objected to, and being admitted, a bill of exceptions was taken, upon which error is now assigned. It is obvious that the real question before the jury was, whether there was a *bona fide* sale to Colt for building, pursuant to the reservation in the lease, or whether this whole proceeding between the society and Colt and the defendants was not a mere contrivance to get rid of one tenant, and substitute another, who would pay a higher rent, or who was more favored. The fact that a lease had been directly made in the first instance, and accepted, which upon the advice of counsel was afterwards withdrawn, and a more circuitous process substituted, was a fact proper to be submitted to the jury, to aid them in determining the question before them. It was objected, that Colt was not shown to have had any knowledge of these previous transactions. But I think the circumstances were sufficient proof that he had such knowledge. Allen was in the actual possession of the premises. Colt was a director of the society, and a son of its governor. He paid nothing at the time, but was charged in the books, and afterwards discharged his indebtedness by transfer to the society of stock in another Paterson company. To suppose either Colt or the defendants ignorant of the real objects of the transaction would be to shut our eyes to the clearest light. There was in my opinion, no error in admitting this evidence.

The case having been submitted to the jury, the court charged them, that the question was, whether the transaction between the society and Colt was an actual sale, or whether it was a mere contrivance to evade the clause in the lease, that the society can ride over Allen's right only by an actual sale of building lots. If the design of the society was to sell this property as building lots, they had a right so to do. But if the jury should be of opinion that the whole design of the society was to lease the property to the defendants, more advantageously than they had done to Allen, and that this deed to one of the directors was a mere contrivance to effect that end, their verdict should be for the plaintiff. This charge being excepted to, is now insisted to be erroneous If I understood correctly the objection made to this charge, it was, that the only proper question that could be submitted was, whether the sale was actual or fictitious, that is, did Mr. Colt really buy and pay for the property. But, in my opinion, the true question was submitted to the jury. The society had no right to sell, and thus put an end to Allen's lease, for any other purpose than for building lots. If the sale was for any other purpose, whatever the rights of the purchaser might have been as against the society, as against Mr. Allen he had no rights. The charge was not erroneous, and the judgment must be affirmed.

The CHIEF JUSTICE and Justices OGDEN and HAINES concurred.